Our next case for argument is United States v. Pedro Carillo, Korea. Good morning, your honors. Carly Levinson from the Federal Defender Office in Connecticut on behalf of the appellant Pedro Carillo. The district court abused its discretion when it denied Mr. Carillo's motion without explanation. In 2019, Mr. Carillo was sentenced to 161 months in prison, a guideline sentence. About five years later, in 2024, he filed a motion for a sentence reduction because Amendment 821, a retroactive guidelines amendment, lowered his guidelines range. The probation office agreed that Mr. Carillo was eligible for relief. The government filed no objection or response to Mr. Carillo's motion. The district court denied the motion, granting no relief, but we have no indication as to why. Okay. If Christie still applies, opinion by my learned brother, the case is over. The question is, did the Supreme Court in Chavez-Meza change that? I think for good arguments that Chavez-Meza was a very different case, but I think that's what you have to tell us, why Christie still applies, because if it applies, end of game, obviously. I agree, your honor, and I did... You do? You agree that this case is, that this case rests entirely on... I'm sorry, I guess you do. Go ahead. Sorry, I was sort of misconstruing the way the question gets answered. Go ahead. Chavez-Meza did not overrule Christie. Chavez-Meza and Christie both acknowledged that there may be some situations where the form could be sufficient, and there are situations where the form is not sufficient. Right. I mean, the cases seem to me to both say the same thing, which is that in some cases, it's not an absolute that if you don't say more, then check the box. That's not good enough. The standard is in both cases, whether we can... It's obvious from the record what the rationale was. Isn't that right? Exactly, and Chavez-Meza is not a case that held the checkbox is enough. It's really not. It's a case that held that you have to look at the context and the record of the specific case to determine whether... Right, so isn't there a significant difference between this case and Christie, which is that in this case, the judge who imposed the sentence in the first place had said at the time of the sentence that the guidelines are not driving this. I would reach the same result regardless of whether the guidelines were lower. Indeed, regardless of whether the guidelines are exactly what the law has changed now. It's the same reason, but the guidelines that apply now retroactively are two points lower than the guideline that the court applied. But the court said at the time of the sentencing with respect to a different dispute between the parties that it wouldn't matter to me if the guidelines were two points lower. Why doesn't that make a difference here? What the judge said at sentencing was not that the guidelines aren't driving the sentence. In my view, actually, the guidelines were very much driving the sentence. What the judge did at sentencing is she was faced with two different guidelines. How can that be when the court did not impose a sentence that was outside the guidelines range that the defendant was contending for? No, the court did not. So there were two guidelines ranges at play at the original sentencing. There was the guidelines range that was in the plea agreement that the parties had agreed to in the plea agreement, and that was the 147 to 162 range that now actually applies after the amendment. And then there was the guidelines range in the pre-sentence report. But isn't the problem actually here in your favor that the court, we have no way of knowing even if the court thought that this change was appropriate, that the change of the guidelines applied? In Chavez, it was clear that the court thought that the change of the guidelines applied because they did the reduction and so on. So we know at least that first thing and then we can see other things. But if there is at least a doubt as to whether the court was saying what Judge Lynch just said, well, I decided we have the guidelines and therefore I'm sticking with it. Or that maybe I don't think the change applied or maybe I was anchored to some degree, then shouldn't we send it back and just ask? Tell us. Right. We don't know from the judge's decision whether she even agreed that he was eligible for relief. But do we have reason though to think that she didn't think he was eligible? There was a report from probation saying he's eligible. And of course, Mr. Perlow's motion says he's eligible and the government is not refuting that he's eligible. And under those circumstances, what is the reason for thinking that the judge is denying this because she's saying, oh no, he's not eligible? We just don't know and we can't tell from her decision. I do want to go back and finish answering Judge Lynch's question because I think it's really important. I'm not sure you answered Judge Lee's question. Which is, is there any reason to think affirmatively that the judge did not agree about eligibility? We don't know. We can't tell from the answer you're saying is no. If we don't know, you're saying there is no specific reason. There's no specific reason, but the reason to doubt is that it's simply a denial with no reason given as to the denial. There are two possible reasons. So the reason to doubt though is this was in front of the judge. So you would agree there's no reason to think the judge didn't read these materials. Can I get you to? I agree. So she read the materials from probation saying he's eligible, from Mr. Carrillo saying he's eligible, from the government not responding. So she has all of this in front of her. He is, by every interpretation that we can think of, actually eligible. The fact that that's not addressed, there's no reason to think that she knew and thought he was eligible. You're saying it's can't infer anything, can't read anything. We just have no idea. Well, I would concede that in Christie the same issue came up. And I think really the court said in Christie, we're going to assume that the judge... But there is an additional thing I think that you should be pointing to, that this person during his time in jail behaved apparently admirably. And that may go to what the court thought would have done had that been part of what it knew when it originally decided, even regardless of the guidelines. That is, it could have decided regardless of the guidelines now, but now there's new information which might make it think that way. And if that... Now, it may say that doesn't matter because the original crime was such, but isn't that enough to raise a doubt? I agree it is, and we're talking about five years later. But isn't that new information, that was in the motion, wasn't it? It was, yes. So the judge was aware that he had this good record in prison during the time and everything else. That information was in front of the judge. It was in front of the judge, and we can't tell from the judge's checking a box to nine what weight, if any, if the court even gave that any weight at all. If the judge had written on the page for comments, I thought at the time of the sentence that this was the right sentence, and I still think so. Denied. Would that be a sufficient explanation? I think a little bit more would be required to say why. Why? Because we've never said that the judge has to go through every argument that was raised and say, and I specifically disregard the evidence of post-sentence rehabilitation because of X, Y, Z. The judge wouldn't have to say that. No, the judge wouldn't have to go through every single factor. So then what is the more that goes beyond, I realize this is not our case exactly. If the judge had said, I thought it was right at the time, I still think so. Denied. Why would that not be good enough? I think that might be good enough tied to the representation of having considered the 3553 factors. And I do, if you'll allow me to return to your original question about the guidelines, I do think it's really important. The sentence that the judge imposed at the original sentencing was in the overlap of the two ranges that were at play. The judge declined to grant a Fernandez departure, which had been requested. She said, I don't need to. I'm going to impose a guideline sentence that's actually in the overlap of these two ranges. So she adopted the PSR range, but she imposed a sentence that was actually a guideline sentence regardless of which it still is. It is. But now the difference at the time, the reason for the discrepancy between the plea agreement and the PSR range was not criminal history. It was the leadership enhancement. And so now looking back, the two ranges that would have been in front of the court applying retroactively the guidelines amendment would have been 135 to 147 and then 147 to 162. And so after the amendment, the overlap between the two ranges would be 147, which is exactly the sentence that Mr. Carrillo advocated for in his motion. It's not at all clear, I think, now that if faced with those two ranges that the court still would have selected a 161-month sentence. Anyway, I know I'm beyond my time. Good morning. May it please the court. Assistant United States Attorney Jeff Stone, appearing on behalf of the United States. The district court in this case did not abuse its discretion when it denied the motion for a sentencing reduction using the AO of Guent. Given the simplicity of this case, Judge Dooley's familiarity with the case, Judge Dooley's thorough assessment of the sentencing factors of the original sentencing, including Judge Dooley's explanation that she would have imposed the very same sentence even if the guideline range was 147 to 162 months in prison. Given all of that, Judge Dooley was well within the bounds of her lawful professional judgment to deny the motion using the AO form without further explanation. Well, there's two different questions. There's two different things that you are saying that you're making them into one. Whether the judge abused her discretion in coming to this result is not, I think, what the defendant is arguing here. That might very well have been an appropriate decision for the judge to make and well within her discretion. The question is, is that the actual decision that she made? Because we don't know exactly why she chose to do what she chose to do. So that the argument, as I understand it, is not, although the words abusive discretion were mentioned, it's not that the denial is wrong outside the range of what a reasonable judge could do. The argument is we don't have adequate information to evaluate that question because we don't actually know what the judge did and why she did it. Your Honor, I think importantly we have to look at this case through the lens of the guidance from Chavez Mesa, which says that the record as a whole includes the original sentence in this case. And the same thing was said in Christie. Correct. And I believe Christie's in line with its statements. Okay. Look, my question is, what is the big deal when we have as little as we have in this case from asking the judge to tell us a bit more? We're not saying the person gets out of jail. We're not saying the person has less. We're just saying, judge, here, you told us something at the beginning that may be an explanation. But I'm not comfortable. I don't know enough to know that. And therefore, I'd like to know more to know if you've decided. And that's all the issue is. So, I don't understand, frankly. I've never been the district judge, and that may be that district judges are offended if we send things back. But frankly, what's the big deal? There is a case like Chavez where there was plenty of information. I mean, these are questions of what is on the record that makes us comfortable. And I've got to tell you, maybe my fellow judges are comfortable. I'm not, because it just seems to me I can ask a district judge to do just a little bit more than go like that. I do more than go like that. And I think I have a right to ask a district judge to do more than that. Your Honor, respectfully, more and more district judges are facing sort of a lack of finality with criminal judgments. Lack of what? Finality with criminal judgments. There's more and more post-sentencing litigation. And if there was ever a case... There hasn't been more of that than there used to be. The government has been arguing finality recently to a degree that is disgusting because they've argued finality in cases where somebody was innocent. I'm sorry, but I get mad when government argues finality as being, oh my God, frankly. I'm sorry. It just happens to be something that maybe me as an academic am troubled by. Apologies, Your Honor. No, it isn't you to apologize. It's your fault. Mr. Stone, I think what you meant to say is that there is an increasing volume of litigation about sentencing in particular, about the details of sentencing, like conditions of supervised release and motions of this kind and motions for what are sometimes called compassionate release that ask for reductions in sentencing so that judges are facing an increasing volume of this kind of litigation. But, of course, that's partly because there's nothing else to talk about in most cases these days because all of the cases are resolved by plea agreements with appeal waivers. And this has changed a calculus that used to be, well, we're not going to worry about those things because those are secondary to the main event, which is what is the sentence and what are issues of guilt or innocence and can we get a new trial and so on. As those things fall away, there comes to be more scrutiny of other types of decisions that may once have flown a little more under the radar. But still, I think the point is the law allows for these arguments to be made and we have to take them seriously. I guess, whatever your points be, it's not that the district judge is insulted exactly. It's should we be assuming something about judges or should we not? And the question I was asking Ms. Levinson was, if the judge just said, I thought it was right before and I still think it's appropriate, I'm having a hard time seeing why that would be wrong. And why should we ever think that a judge who denies one of these motions isn't saying that? What, you know, the judge says I've considered all the factors, I've considered all the evidence that's before me, and I don't think I should do this. Why would we assume, for example, that the judge actually thought, hmm, you know, this guy has really turned his life around. And it's not that I think that doesn't matter for some reason. I'm just going to arbitrarily check the box that says denied. Why should we assume that the judge isn't saying, essentially, this is my story and I'm sticking with it. I've thought all these things through. And the factors that have been presented to me don't change my mind about what is the right sentence. I mean, isn't that really your argument in a way? Your Honor, I agree with your comments. And I would say that if there are cases that would fall in line with Shabbat as Mesa, where just a form order is appropriate, this is one of those cases. This has the unique situation where Judge Dooley was not only the underlying judge at the original sentencing hearing and thoroughly addressed the sentencing factors, but she specifically addressed what sentence she would have imposed, even if the guideline range that's now applicable was in play at that time. Right. Well, could you – I think I may have, at least according to Ms. Levinson, misunderstood what the guideline situation actually was because I thought that at the time of the sentence, they were fighting over two points. They were fighting over those two points for a different reason. I thought now the retroactive change also is a two-point difference. And so there's really no difference between the new guidelines range that retroactively applies and the range that the judge said didn't matter. You see what I'm asking? Is she wrong or am I misunderstanding it? And she's right that there's actually a difference between the guideline range that the judge said, that doesn't matter to me and the guideline range that is now being proposed. There is no difference, Your Honor. It is 147 to 162 months. That's the guideline range. That was the guideline range in the plea agreement, and that's the guideline range that's in play based on the retroactive amendment. Now, for different reasons, I think what Attorney Levinson was trying to argue that both of those reasons should apply, but that does not make sense because the Fernandez argument at the time of the underlying sentencing was to give effect to the party's expectations at the time of the guilty plea and in the plea agreement, which was, again, this 147 to 162-month range. The judge considered that at the sentencing hearing, and now it so happens that due to the retroactive amendment 821, there's now a two-level reduction for a different reason, but we end up with that same range, 147 to 162 months, which happens to be a range that Judge Julie said would make a difference. Let me put the thing in a somewhat different way. I agree completely with Judge Lynch that if the judge had said, I thought the range was correct then, and I still think so now, that that would be enough because it would enable us to say if there were some factors that had occurred that made doing that wrong, there aren't here, we can affirm. But when we see just a check, we don't know if that is what the judge has done or whether what the judge has done has decided that for some reasons, not believing the behavior since. And since we don't know, we are not in a position to say on the merits that this is okay on appeal, that this is within discretion. Nobody is really arguing that it isn't, but isn't what we want to know enough linked to the state of the case so that we can say, okay, on appeal, this is fine. Your Honor, regarding the post-sentencing conduct, I guess I have a couple of responses. One is that was argued in the motion. The form order indicates that the judge had considered, among other things, the motion filed by the defendant. Second, under the application notes, that's something that the judge is permitted, excuse me, but not required to consider. Nor is the judge required to address every argument made by the defendant in their motion. And then lastly, I would say there was nothing remarkable about his post-sentencing conduct. It was, you know, he worked some jobs, he took some courses, and he avoided obtaining any disciplinary tickets. Those were the arguments. But that's not the type of exceptional circumstances that like this. You don't know whether or not the judge really viewed that as something exceptional or something that might have impacted her decision. I don't think we're in a position to weigh in on the value of those particular factors. I mean, I take your point that that information was in front of her. But, I mean, to say that, oh, that's not meaningful, we don't know that, whether or not it's meaningful to the judge. Can I ask a different question? It sounds to me, though, as if the argument that you are making could be made in absolutely any case in which the judge uses the form. What would be a case, you know, what would be an example of a case where the form was not adequate? Because, after all, in any situation where the, you know, the things you've been relying on, the defendant made a pitch, so we have to assume that the judge understood what the pitch was and disagreed with it. The representation is made on the form that I've considered everything that's in the pitch, and I've considered all the factors. So when would Christie apply? What's so distinctive about Christie from this case that would say that Christie was correctly decided as a case in which the form was not adequate, that is not present here? What's unique in this case is Judge Dooley specifically addressed the argument, or the consideration, excuse me, of a lower guideline range. Specifically, the guideline range that's now in play, 147 to 162. And that was definitely not the case in Christie. The court had no occasion to say a different guideline range wouldn't affect my sentence. Correct. And she did that in connection with her detailed discussion about the various sentencing considerations and what motivated her sentence in that case, and that her sentence would not have been different even if the guideline range was at the range that we are at today. And then another sort of smaller issue is that the sentence that she imposed still falls within that new guideline range, which she specifically considered, unlike Christie, where I believe the sentence was above the revised or retroactive. Yeah, that's true. That is a difference. As Judge Calabresi said earlier, I'm not sure which way that cuts, actually, whether it's one thing to deny altogether. I mean, it is different to deny the reduction altogether versus to give a reduction, just not the one that was asked for. And I think the theory, the terminology that seems to be used in a lot of the cases, it's a disproportionate reduction. In other words, the argument is it used to be the bottom of the guidelines. The guidelines have now changed, so it should be the bottom of the guidelines again. And the judge, without explanation, splits the difference and gives a lower sentence that isn't quite as low. I don't know whether that's more logical to be inferred from the record or less logical, but that is a distinction between the two cases. That is a distinction, and I suppose your honest arguments could be both ways. I think part of our problem is the suggestion that the judge can, without more, at original sentencing, do and say some things which then justify a simple no, without explanation after, without anything that tells us on the record that the judge has considered things since. You know, that was my idea at time one, and though I might say that is still my idea, that's fine. That suggests I've considered what happened since, but I'm not sure that we have anything here unless we just assume it, and we can, from what the thing says, that whatever I felt then, I still feel now, or do we have a right to ask some even minimal indication that whatever I felt then, I still feel, which would be the statement, yeah, I decided it on that basis and I still do. And I'm just, you know, without getting into the things that excite me and I apologize for, what is so bad about asking even a busy district judge that much? I think, Your Honor, it's just that because it's not required. The record as a whole, based on Chavez-Mesa and consistent with Christie, includes the original sentencing. The judge knows that she made a thorough record at the original sentencing with sort of thorough explanation about the sentencing factors and why she ended up with the sentence that she ended up at, why that was the right sentence for this case, the minimum sentence necessary to satisfy the purposes of sentencing. And she also considered a lower guideline range, the 147 to 162 month range. That's the now applicable guideline range. And so under the totality of the circumstances in this case, when she looks at this motion, this is one of those cases where it falls in line with Chavez-Mesa that she can fill out the AO form, which says that I've reviewed the motion, which was a four-page motion and didn't raise any complex issues or legal arguments. And based on the 3553A factors, which are addressed in detail in the original sentencing hearing, which is part of the record, in consideration of the applicable policy statements, that the court is denying the motion for the sentence reduction. Again, because the record as a whole provides a reviewing court with adequate basis to satisfy themselves that Judge Dooley considered the arguments from the parties, really the arguments in the motion by the defendant, and that Judge Dooley had a reasoned basis for her decision, which was discussed in detail, again, on the record at the original sentencing hearing. All right. Thank you. Thank you very much, Your Honor. This isn't at all like the situation in Chavez-Mesa. As Judge Lynch, you recognize that was a grant, not a denial. And in Chavez-Mesa, the government filed an opposition where it made arguments for why the court should not grant the requested reduction. Here, the fact that there's no government opposition, which I think is a fact that sets it apart from a lot of the other cases, makes it much harder to try to infer why the judge may have done what she did. And there was uncontested evidence of rehabilitation over the five years that Mr. Carrillo had been incarcerated. And I hear the government now saying there was nothing remarkable about it. I strongly disagree. But the government didn't bother to make that point below. So can I just ask you sort of a flipped version of what Judge Lynch was asking your friend on the other side? What are the factors that I assume you're not saying that it is not, that it's the case that this checking a box is never good enough? So what are the things that make it, what are the situations that make it good enough? When can we say, you know what, they checked the box, and that's adequate? I could think of a couple of hypotheticals. And I think a hypothetical, I guess I can't set out guiding factors, but I could think of a couple of hypotheticals. One could be if the motion for reduction was made very shortly after the original sentencing. There isn't evidence that things have changed. And in particular, if the judge had been aware, sometimes the judge at sentencing is aware of an impending guidelines change, and that's discussed at sentencing, and the judge might address that at the original sentencing. So that's one example. It could be something closer in time. I think another situation would be if a judge does explicitly say at the sentencing, you know, and here's why. That's not what happened here. I mean, we've been talking about that, and I think what happened at sentencing and the actual words that the judge used are really important. She says, I don't need to do a Fernandez departure, and this is at Appendix 42. I don't need to do a Fernandez departure because the sentence I'm going to impose is in the area where the two sentencing ranges overlap. And my sentence would be the same whether I was starting with the lower range or staying with the higher range. She says, I'm faced with these two ranges, so I'll pick something in the overlap. We don't know what she would have done, what she faced only with the lower range, since that would mean a top-of-the-guideline sentence. And we don't know what she would do if he was in a different criminal history category. He's now in a different criminal history category. So I do think there are situations where the checkbox could be enough, and I think this clearly is not one of them. The other just two points I wanted to make on this question of finality and the idea that a reason to affirm would be finality, I think completely opposite. There would be more finality if a court is required to give reasons, even if they're brief, for their decisions. I have a slightly different question. Is it possible for a judge to say these two guidelines arguments don't make any difference to me because what this person does doesn't really matter, doesn't really affect whether the person had a larger criminal history or something else? So that those don't interest me, and I would give the same sentence regardless of which of these, and yet have a different guidelines change argument make a difference. That is, if, for instance, marijuana is no longer considered, that might be something, wouldn't it? But the judge might say, hey, that difference in the guidelines is something that matters to me, even though there's another difference in the guidelines. And if that is so, is that say anything about what the judge did originally there telling us about what the judge would do now? It could. I mean, here the discrepancy at the time had to do with this leadership enhancement. Now, with the criminal history changed, and that the change, Amendment 821 was driven by changes, the change was driven by data about recidivism, for example. So, I mean, we don't know, and that's the problem. There's also the fact, which I had not thought of very much before, but Mr. Stone actually brought it up, that the argument, as you just read it, and read in light of something that he said, makes it sound as if there was no longer really an argument that the guidelines calculation in the plea agreement was correct. That wasn't really the point. The question was whether there should be a departure from the guidelines because – to respect the expectations of the parties. And maybe there is a difference between a judge saying, well, I don't care what they agreed to. It doesn't make a difference to me that you – and I still am concerned about the guidelines. But that change isn't going – I'm not going to do that change, which is a little bit different than the guidelines themselves changing. Yes. Okay. So there are potential differences. Thank you. May I just add one more point? Yes, go ahead. Thank you. I just wanted to say that I think it's worth noting that what happened here is unusual in our district, and our office handled hundreds of these. I handled dozens of them myself. And judges in our district, by and large, do give explanations for these decisions, and they do it in a lot of different ways, through docket orders, through the second page of the AOO form, through the blank space on the first page of the AOO form, through a statement of reasons filed under seal. And I think that what we're seeking here really isn't burdensome, and it is what's already being done by and large. Yeah, of course, there may be hundreds of cases where there are good reasons to lower the sentence, and if you had – if that were the practice in every case where the defendant was convicted of torturing somebody and even an implication that he would have – he sort of ordered people to kill that victim and they didn't do it, this is a somewhat – a case in which one might think that the judge gave more weight to the brutality of the act in imposing this sentence than to whether the fellow was now experiencing or professing remorse or whether he was technically a leader of a big organization or a smaller organization or whether he was on probation at the time that he did this, that none of those things really make much difference when you're sentencing somebody who did something like this. She might have, but we don't know, and that's the point.  And just like in Christie, the reasons for the district court's exercise of discretion are not american for the record. Let me just – I understand your argument, though, that you just made. You say that judges in our district regularly say more. Are you saying that if we say it's okay to say less, even in any case, we may lead the judges to stop doing something which doesn't seem to be bothering them and which, as a whole, is useful so that we might be misleading in a way by doing something? Is that to be – was that the thrust of that argument? That's part of it, Your Honor, yes. Thank you. All right. Thank you very much. Thank you both for your arguments. Thank you. And again, I apologize for – No apologies necessary. Thank you. All right. So we'll take this case under advisement as well, and we do not have any other cases scheduled for argument. So with that, I think we are ready to adjourn.